IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LAWRENCE SCOTT BISHOP,

    Petitioner,

v.                                                                          No. 1:19-cv-01203-JDB-jay

KEVIN MYERS,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
GRANTING MOTION TO DISMISS,
DISMISSING AMENDED PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Petitioner, Lawrence Scott Bishop, has filed an amended 28 U.S.C. § 2254 habeas corpus petition (the "Amended Petition"). (Docket Entry ("D.E.") 7.) Respondent, Kevin Myers,[1] has moved to dismiss the pleading on the ground that Petitioner initiated this § 2254 proceeding after the expiration of the relevant limitations period. (D.E. 11.) For the following reasons, Respondent's motion is GRANTED.

BACKGROUND

    In January 2013, the Madison County, Tennessee Grand Jury returned an indictment charging Bishop with four counts of aggravated sexual battery. (D.E. 10-1 at PageID 83–87.) After a jury trial, he was convicted as charged and received concurrent eleven-year sentences on all four convictions. *State v. Bishop*, No. W2014-01540-CCA-R3-CD, 2015 WL 6859780, at *4

---

[1] The Clerk is DIRECTED to modify the docket to reflect Kevin Myers as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); Fed. R. Civ. P. 25(d).

(Tenn. Crim. App. Nov. 6, 2015). The Tennessee Court of Criminal Appeals affirmed the convictions. *Id.* at *14. Petitioner did not file an application for permission to appeal ("APA") to the Tennessee Supreme Court.

On March 24, 2016, Bishop filed a *pro se* post-conviction petition, (D.E. 10-12 at PageID 810–14), which was later amended by appointed counsel, (*id.* at PageID 826–27). Following an evidentiary hearing, the post-conviction trial court denied relief in a written decision. (*Id.* at PageID 840–42). Petitioner's appeal was unsuccessful, as was his APA to the Tennessee Supreme Court. *See Bishop v. State*, No. W2017-00709-CCA-R3-PC, 2018 WL 2228195, at *6 (Tenn. Crim. App. May 15, 2018), *perm. appeal denied* (Sept. 17, 2018).

On September 11, 2019, Bishop filed a *pro se* 28 U.S.C. § 2254 petition (the "Petition"). (D.E. 1.) He submitted the Amended Petition on November 1, 2019, in compliance with the Court's order that he refile his claims on this district's official § 2254 form. (*See* D.E. 6; D.E. 7.) The pleading asserts that Petitioner was denied due process and the effective assistance of counsel.

## DISCUSSION

Respondent filed his motion to dismiss the Amended Petition on January 31, 2020, (D.E. 11), accompanied by the state court record, (D.E. 10), and a memorandum in support of the motion, (D.E. 11-1). He argues that the Petition was filed more than two months after the limitations period expired. Bishop responded to the motion, (D.E. 12), and submitted a supporting memorandum, (D.E. 12-1), along with exhibits in the form of correspondence from his post-conviction appellate counsel, (*id.* at PageID 1017–18). The inmate acknowledges that he filed the Petition after the limitations period expired, but he asserts that he is entitled to equitable tolling on the ground that his post-conviction appellate counsel failed to expeditiously inform him that the Tennessee

Supreme Court had declined discretionary review in his post-conviction appeal. Respondent submitted a reply, arguing that Petitioner is not entitled to equitable tolling. (D.E. 15-1.)

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).[2]

In this matter, § 2244(d)(1)(A) applies, which means the federal limitations period was triggered when Bishop's convictions became final on January 5, 2016. Accounting for statutory tolling, the limitations period expired on July 2, 2019. The dates are arrived at as follows.

---

[2] The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Bishop has not asserted a gateway claim.

The Tennessee Court of Criminal Appeals affirmed the convictions on November 6, 2015. The judgments of conviction thus became final when the sixty-day period for filing an APA with the Tennessee Supreme Court expired on January 5, 2016. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (a petitioner's conviction becomes "final" under AEDPA when the time for a direct appeal expires); Tenn. R. App. P. 11 ("The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals . . . .").

The federal limitations "clock" started the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and ran for seventy-eight days until it was paused when the inmate filed his state post-conviction petition on March 24, 2016. The limitations period remained statutorily tolled until September 17, 2018, when the Tennessee Supreme Court denied Petitioner's APA. The clock resumed running the next day and ran for 287 days, expiring on July 2, 2019. Because Bishop submitted the Petition to prison authorities for mailing on September 9, 2019, (*see* D.E. 1-2), the pleading is untimely by sixty-nine days.

As previously indicated, Petitioner does not deny that he filed the Petition over two months late. Instead, he argues that his appellate counsel's failure to promptly inform him that his APA had been denied was an extraordinary circumstance that stood in the way of a timely filing, and that he exercised reasonable diligence to preserve his rights. In support, Bishop submitted documents indicating that he sent letters to his attorney on August 6, 2018, (D.E. 12-1 at PageID 1017), and on January 21, 2019, (*id.* at PageID 1018), inquiring into the status of the APA. Counsel's return correspondence dated August 14, 2018, informed Petitioner that the Tennessee Supreme Court had not ruled on the APA as of that date. (*Id.* at PageID 1017.) His letter to Bishop

dated January 29, 2019, apprised him that the APA had been denied on September 17, 2018.  (*Id.* at PageID 1018.)

In general, an attorney's "excusable neglect," such as a "miscalculation" of the federal limitations period, is not an extraordinary circumstance warranting equitable tolling.  *Taylor v. Palmer*, 623 F. App'x 783, 789 (6th Cir. 2015) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007), and *Holland*, 560 U.S. at 651–52).  Nevertheless, the Sixth Circuit has held that "[b]oth ineffective assistance of counsel and 'a substantial, involuntary delay in learning about the status of [an] appeal[]' may constitute extraordinary circumstances sufficient to warrant relief."  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011)).

Even assuming, here, that counsel's tardiness constituted an extraordinary circumstance, the delay ended in late January 2019 when he informed his client of the state supreme court's decision.  As previously indicated, the limitations period did not expire until July 2, 2019, which left the inmate five months to timely file the Petition.  Because Petitioner has not alleged that anything prevented him from submitting the pleading during those five months, he is not entitled to equitable tolling.  Accordingly, the motion to dismiss is GRANTED and the Amended Petition is DISMISSED.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

5

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 26th day of June 2020.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.